MATTIONI, LTD
BY: Stephen J. Galati, Esquire
Attorney Identification No. SG0492
1316 Kings Highway
Swedesboro, NJ 08085
Ph. 856-241-9779
Fax.: 856-241-9989
E-mail: sgalati@mattioni.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Camden Viscinage)

| | | |
|---|---|---|
| Transatlantica Commodities Pte Ltd., | * | |
| Plaintiff, | * | Civil Action No.: |
| v. | * | IN ADMIRALTY |
| Hanwin Shipping Limited, | * | |
| Defendant, *in personam* | * | |
| and | * | |
| The Master of the M/V INDIGO SPICA, | * | |
| Garnishee. | * | |

\* \* \* \* \* \* \* \* \* \*

**VERIFIED COMPLAINT
WITH REQUEST FOR ISSUE OF WRIT OF
<u>MARITIME ATTACHMENT AND GARNISHMENT</u>**

Plaintiff Transatlantica Commodities Pte Ltd. ("Transatlantica") brings this action against defendant Hanwin Shipping Limited ("Hanwin") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of a writs of maritime attachment and garnishment for property of Hanwin which is or soon will be in this District,

including marine fuel ("bunkers") aboard the Hanwin-chartered M/V INDIGO SPICA ("Vessel") controlled or held by the Garnishee, the Masters of that Vessel and states as follows:

### Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h). This action further is pursuant to the Federal Arbitration Act, 9 U.S.C. §8 in that it is a maritime action to obtain security for London maritime arbitration as required by the charter party for the M/V TAC IMOLA between Transatlantica as Owner and Hanwin as Charterer, as more fully set out herein.

2. Venue is proper in this District because the Cargo and Garnishees are or soon will be located and found, and can be served with process in this District.

3. Venue is also proper in this District because the Cargo and Defendant's property is or soon will be in this District.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

### The Parties

5. Transatlantica is a company located in Singapore, which charters and subcharters ocean-going vessels.

6. Hanwin is a carrier of ocean cargo with its principal place of business in Shanghai, China, which chartered the M/V TAC IMOLA from Transatlantica, and which presently is charterer of the M/V INDIGO SPICA.

7. Garnishee is the master of the M/V INDIGO SPICA, which Vessel soon will call on the Port of Camden, which Vessels Hanwin chartered and fueled with marine fuel ("bunkers").

**Facts**

8. On or about November 3, 2021, Hanwin chartered the M/V TAC IMOLA ("Vessel") from Transatlantic according to a London charter party, with agreed rates and providing for arbitration in London of disputes. The charter party further required Hanwin to pay for marine fuel ("bunkers") necessary for the power of the Vessel, and extended to Transatlantic the right to assert a maritime lien *in rem* for against any cargoes, and all subfreights and sub-hires for any sums due to them under the Charter Party, on cargo loaded on the Vessel.

9. Hanwin caused the M/V TAC IMOLA to be loaded in China with certain cargo, including the Cargo, and directed the Vessel to sail from China to the Port of Newark, New Jersey, then to the Port of Albany, and then to the Port of Baltimore for discharge.

10. Somewhere during the part of the voyage across the Pacific, between China and the Panama Canal, the plywood cargo caught fire. After some of the cargo was discharged at Newark, Hanwin directed the Vessel to Albany, where the burnt plywood cargo was placed in the Vessel's Hold 2 and the remaining, undamaged cargo, including the Cargo, placed in other holds. Hanwin delayed the discharge of Hold 2 for more than three weeks, and then finally discharged the distressed Hold 2 cargo at the port of Coeymans, New York. After this discharge, Hanwin directed the Vessel for unloading at Baltimore.

11. As the result of Hanwin's delay in unloading the cargo aboard the Vessel, including the Cargo, there is a significant sum of contractual charges due to Transatlantica from Hanwin, as demanded below. Hanwin has refused to pay these charges, which Transatlantica properly is owed under the charter party with Transatlantica. A summary of the charges to date is Exhibit A hereto.

**Count I – Breach of Maritime Contract**

12. Transatlantica incorporates the above paragraphs as if fully set forth herein.

13. Hanwin has breached its maritime contract with Transatlantica as set out above. Despite repeated demand, Transatlantic remains unpaid.

14. Transatlantica therefore demands judgment, as set out more fully below.

## Count II
## Count III: Maritime Attachment and Garnishment (Rule B)

15. Transatlantica incorporates the above paragraphs as if specifically set forth herein.

16. Transatlantica seeks issue of process of maritime attachment so that it may be paid the amount owed by Hanwin.

17. No security for Transatlantica's claims has been posted by Hanwin or anyone acting on its behalf to date.

18. Hanwin cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, assets in this jurisdiction consisting of cash, funds, accounts payable and/or credits in the hands of GarnisheeS in this District, including but not limited to the named Garnishee.

23. Under customary maritime chartering practice for the M/V INDIGO SPICA, property of Hanwin, namely, the marine fuel aboard each vessel ("bunkers") belongs to Hanwin and is or will be present in this District, when the vessels are present in this District.

## Prayer for Relief

WHEREFORE, Transatlantica prays that in security for the London maritime arbitration which Transatlantic will bring pursuant to its charter party with Hanwin for the M/V TAC IMOLA:

A. That in response to Count I, in confirmation of the arbitral award, that the award be recognized by this Court and judgment on the award be issued in favor of Transatlantica and

against Hanwin in the amount of Transatlantica's expected demand in arbitration, for at least **$1,984,913.38** (principal amount of at least $1,834,913.38, plus contractual interest, attorneys' fees and costs of at least $150,000);

   B.  That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant's cash, funds, accounts payable and/or credits held by any Garnishee, including the bunkers described above, up to the amount of at least **$1,984,913.38**, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

   C.  That upon attachment, garnishment and arrest of property sufficient to secure Transatlantica for the London maritime arbitration, that this Court stay this case pending the outcome of the arbitration, the award in arbitration to be paid by the security upon recognition of the award by this Court; and

   D.  That this Court award Transatlantica such other and further relief that this Court deems just and proper.

                  MATTIONI, LTD.

                  By: /s/ Stephen J. Galati
                     STEPHEN J. GALATI

                  Attorney for Plaintiff

Date: **June 1, 2022**.

**OF COUNSEL**:
J. Stephen Simms (#4269)
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Ph:  410-783-5795
Fax 410-510-1789
jssimms@simmsshowers.com

## VERIFICATION

    I am a principal of Simms Showers LLP, of counsel to Transatlantica.  I certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District, and of the State of New Jersey Department of Revenue and Enterprise Services.  There is no record of any general or resident agent authorized to accept service of process for Hanwin in this District.  No officer of Hanwin is present in this District to make this declaration, which Hanwin has authorized me to make on its behalf based on facts including documents received from Hanwin.  The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Transatlantica.

    Pursuant to 28 U.S.C. § 1746(1), I certify under penalty of perjury that the foregoing is true and correct.

    Executed on June 1, 2022.

_____
J. Stephen Simms